UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRELL B. SULLIVAN, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: _____ |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| | § | |
| DEFENDANT. | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT TO REVIEW DECISION OF COMMISSIONER OF SOCIAL SECURITY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, **DARRELL B. SULLIVAN**, complains of Defendant, **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, and would respectfully show this Honorable Court the following:

## I.
## PARTIES

Plaintiff is a 46 year old (3/1/1967) citizen and a resident of the United States. Defendant is the party responsible for the issuance of final decisions of the Social Security Administration.

1

Service of this Complaint may be effected pursuant to the Federal Rules of Civil Procedure.

## II.
## JURISDICTION

Jurisdiction of this Court to consider this action arises under Section 405(g) of the Social Security Act, which grants jurisdiction to review a final administrative decision by the Commissioner of Social Security of a claim for disability.

## III.
## CASE SUMMARY

On August 9, 2010, Plaintiff filed an application under Title II of the Social Security Act with the Commissioner of the Social Security Administration to establish a period of disability beginning October 1, 2009, forward in accordance with the laws of the United States of America. Defendant denied Plaintiff initially on December 7, 2010 and upon Reconsideration in a denial dated February 9, 2011. Plaintiff timely filed his written request for a hearing on April 11, 2011. Plaintiff appeared and testified at a hearing held on

October 3, 2011. Administrative Law Judge (ALJ) Paul W. Schwarz presided over a hearing and issued an Unfavorable Decision dated November 15, 2011. (**EXHIBIT A**).

Subsequently, Plaintiff sought relief from Defendant's Appeals Council. Unfortunately, on November 1, 2012 the Council denied Plaintiff's request. (**EXHIBIT B**). The Council's generic denial presents a profound question to whether Defendant has fulfilled her duty to scrutinize the ALJ's decision. As a result, Plaintiff has exhausted his administrative remedies and Defendant has issued her final administrative decision.

Following the Appeals Council denial, Plaintiff requested additional time to locate Counsel to represent Plaintiff before this Honorable Court. On April 6, 2013, Defendant's Council granted Plaintiff's request, thereby tolling his deadline. (**EXHIBIT C**). Plaintiff files this Original Complaint seeking an outright reversal and an award of benefits or, alternatively, a remand to Defendant's ALJ for further administrative proceedings.

3

## IV.

Defendant committed fundamental legal errors; Defendant's decision should be reversed, or, alternatively, remanded back to the Agency.

The standard of review of an administrative decision is "a search for substantial evidence and legal error." **Bray v. Bowen, 854 F.2d 685 (5th Cir. 1988)**. In reaching her administrative decision that Plaintiff was not entitled to disability benefits, Defendant issued an administrative decision that is neither supported by law nor by substantial evidence. For these reasons, Plaintiff seeks judicial review of Defendant's final administrative decision and: (1) a determination that the final administrative Decision of Defendant is erroneous for the reasons set forth below; and (2) an award of benefits consistent with the provisions of the Social Security Act. In the alternative, Plaintiff moves the Court for an Order remanding this case for further administrative action.

# V.
# ARGUMENT AND AUTHORITIES

The ALJ's decision was based on erroneous conclusions and is not supported by substantial evidence.  Specifically, the ALJ erred by not adequately examining the evidence presented.  The ALJ selectively cited portions of the record and omitted consideration of salient evidence.  The Social Security regulations dictate that every item of evidence be considered and reasons given for acceptance or rejection. **Lucas v. Sullivan**, **918 F. 2d 1567 (11th Cir. 1990)**.  The ALJ ignored this requirement when he neglected to examine all of the evidence; Defendant's ALJ only reviewed specific portions in formulating his decision.

# VI.

Based upon the medical evidence of record, the ALJ found Plaintiff as suffering from the following severe impairments within the meaning of the Act:

- **Degenerative joint disease of the left knee; and**
- **Diabetes.**

Exhibit A, p. 5.

Defendant erred by failing to consider all of Plaintiff's impairments and the impact they have on his ability to perform and maintain substantial gainful activity. Plaintiff lacks this capacity due to his severe and debilitating symptoms. The ALJ also failed to consider the fact that the combination of all his many impairments precludes full-time competitive work.

## VII.

Additionally, Plaintiff suffers from multiple impairments which include both exertional and "non-exertional" limitations. The combination of these limitations should have been fully considered by Defendant because in combination they significantly erode the occupational base precluding Plaintiff from obtaining and maintaining substantial gainful activity in the competitive workplace.

## **PRAYER**

In light of the aforementioned, Defendant's Administrative Law Judge decision dated November 15, 2011 contains fundamental reversible legal errors and is not supported by substantial evidence.

**WHEREFORE**, Plaintiff prays that the Commissioner's final decision be vacated and benefits awarded, or in the alternative, that this case be remanded to the Social Security Administration for a directed finding of disability.  Plaintiff further prays for such other relief as the Court deems appropriate, including remand to the Agency for detailed work-up and consideration of Plaintiff's profound impairments and, lastly, whether Plaintiff has any meaningful ability to hold and maintain a job in the competitive marketplace.

Respectfully Submitted,

_____
**JAMES FOSTER ANDREWS**
Prid No.: 5474
State Bar No. 01253500
709 Studewood
Houston, Texas 77007
Telephone: (713) 529-9033
Facsimile: (713) 529-8605
jfalaw@sbcglobal.net
**ATTORNEY FOR PLAINTIFF,
DARRELL B. SULLIVAN**

8